IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MONTUE,

      Plaintiff,                    No. CIV S-06-1276 MCE GGH P

   vs.

TERESA SCHWARTZ, et al.,

      Defendant.              ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Although plaintiff has paid the filing fee, the court may still screen the complaint:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue or;
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

       Plaintiff first alleges that in September 2005 he was attacked by inmate Pruitt and suffered injuries. Plaintiff alleges that defendants violated his Eighth Amendment rights by failing to protect him from inmate Pruitt.

1

"'[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994). "[A] prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious' ...For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Id. at 834, 114 S.Ct. at 1977.  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison officials must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id.  The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S.Ct. at 1979.

Plaintiff alleges that he had previously informed defendants Pittigrew, Dunlop, Borros, Schwartz and Woodford that inmate Pruitt had been disrespectful toward him.  Plaintiff had also informed defendants that inmate Pruitt had gotten into physical altercations with inmates on previous occasions and had caused problems in the dorm.

Plaintiff has pled no facts suggesting that defendants inferred that inmate Pruitt posed a substantial risk of harm to plaintiff based on the information he provided to them.  In any event, the court does not find that defendants were aware of facts from which such an inference could have been drawn.  That inmate Pruitt had "disrespected" plaintiff and been involved in altercations with other inmates did not mean that he posed a substantial risk of harm to plaintiff. Accordingly, this claim is dismissed.

Plaintiff alleges that defendant refused to provide him with mosquito repellant containing DEET, which he needed in order to prevent being infected with West Nile Virus. Plaintiff does not allege that he actually contracted West Nile Virus.

/////

2

To establish standing to raise a constitutional claim, plaintiff must suffer an "injury in fact"–a "concrete and particularized" and "actual or imminent" harm to a legally protectable interest. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992). Plaintiff has no standing because he has not contracted West Nile Virus. Moreover, that plaintiff might someday contract West Nile Virus does not demonstrate that the harm is imminent. Rather, plaintiff's chances of contracting West Nile Virus are speculative. Accordingly, plaintiff's claim that defendant violated the Eighth Amendment by failing to provide him with mosquito repellant containing DEET is dismissed.

The complaint contains two additional claims. Plaintiff alleges that the prison underwent seismic retrofitting which caused him to endure excessive noise. As a result of being subject to excessive noise, plaintiff suffered a hearing loss and now wears hearing aids. Plaintiff also alleges that defendants refused to provide him with pain treatment recommended by orthopedist specialists. The court will not dismiss these claims pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is granted thirty days to file an amended complaint. If plaintiff does not file an amended complaint, the court will recommend dismissal the two claims found not colorable above and order service of the claims regarding hearing loss and pain treatment. If plaintiff files an amended complaint, the court will issue further orders.

Accordingly, IT IS HEREBY ORDERED that plaintiff's claims regarding mosquito repellant and failure to protect are dismissed; plaintiff is granted thirty days to file an amended complaint; following that time, the court will issue further orders.

DATED: 11/1/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
mon1276.ord