1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN MONTUE,

11          Plaintiff,               No. CIV S-06-1276 MCE GGH P

12      vs.

13   TERESA SCHWARTZ, et al.,

14          Defendants.        FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff paid the filing fee.  Accordingly, on December 15, 2006, the court

18   ordered plaintiff to serve defendants with process within sixty days.  On February 8, 2007, the

19   court granted plaintiff a forty-five day extension of time to serve defendants.

20          Pending before the court is plaintiff's motion for a preliminary injunction filed

21   February 7, 2007.  For the following reasons, the court recommends that this motion be denied.

22          This action is proceeding on the amended complaint filed November 22, 2006.

23   The amended complaint contains three claims for relief.  First, plaintiff alleges that prison

24   officials failed to protect him from harm by another prisoner.  Second, plaintiff alleges that he

25   was subjected to excessive noise caused by a construction project.  Third, plaintiff alleges that

26   prison officials denied his request for Vax-D, a computer controlled decompression device, to

1

1  treat his back pain.

2  <u>Legal Standard for Preliminary Injunctive Relief</u>

3              The legal principles applicable to a request for preliminary injunctive relief are

4  well established.  To prevail in this circuit, the moving party must satisfy one of two tests.  Under

5  the first test, movant must show 1) there will be irreparable damage suffered if injunctive relief is

6  not granted; 2) movant will probably prevail on the merits; 3) when equities are balanced, non-

7  movant will not suffer more harm than movant is helped by the injunction;  and 4) granting the

8  injunction is in the public interest.   <u>Martin v. International Olympic Committee</u>, 740 F.2d 670,

9  674-5 (9th Cir.1984).  In the alternative, a preliminary injunction can be issued if the moving

10  party can show either a combination of probability of success on the merits and the possibility of

11  irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in

12  the movant's favor.  <u>Id.</u> at p. 675.  <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692,

13  700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th

14  Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point

15  being the degree of irreparable injury shown.  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under any

16  formulation of the test, plaintiff must demonstrate that there exists a significant threat of

17  irreparable injury."  <u>Id.</u>  In the absence of a significant showing of possible irreparable harm, the

18  court need not reach the issue of likelihood of success on the merits.  <u>Id.</u>

19              In the last part of the alternative test, even should the balance of hardships tip

20  decidedly in the movant's favor, the moving party must show "as an irreducible minimum that

21  there is a fair chance of success on the merits."  <u>Martin v. International Olympic Committee</u>, 740

22  F.2d at 675.

23              In cases brought by prisoners involving conditions of confinement, any

24  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

25  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

26  correct the harm."  18 U.S.C. § 3626(a)(2).

1    Discussion

2            Plaintiff alleges that prison officials are threatening to transfer him away from the

3    California Medical Facility (CMF) to Folsom Prison in retaliation for filing this lawsuit.  In

4    particular, plaintiff alleges that he was wrongfully found guilty of a prison disciplinary for being

5    over familiar with staff.  As a result of the guilty finding, prison officials are now threatening to

6    transfer him away from the California Medical Facility (CMF) to Folsom Prison, in disregard of

7    his medical needs.  Plaintiff alleges that only CMF is equipped to provide for his medical needs

8    related to his back problems.  The physical layout of CMF, as opposed to Folsom, is designed for

9    inmates with mobility impairment.

10            Plaintiff alleges that approximately two weeks before the incident leading to the

11   rules violation report, Officer Slave told plaintiff that prison officials were trying to "get"

12   plaintiff.  Plaintiff alleges that prior to that, he told his counselor and Lieutenant Norris about his

13   amended complaint in this case.  Lieutenant Norris told Sergeant Wyatt to lock plaintiff up for

14   over familiarity.

15            Prison officials may not transfer prisoners in retaliation for the exercise of their

16   First Amendment rights.  Gomez v. Vernon, 255 F.3d 1118, 1123 (9th Cir. 2001).  A retaliatory

17   transfer would constitute an irreparable harm justifying injunctive relief.

18            Retaliation by prison officials for the exercise of a prisoner's constitutional right

19   of access to the courts violates the federal constitution.  Pratt v. Rowland, 65 F.3d 802, 807 (9th

20   Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Black v. Lane, 22 F.3d

21   1395, 1402 (7th Cir. 1994); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Rizzo v.

22   Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

23            In order to state a retaliation claim, a plaintiff must plead facts which suggest that

24   retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor

25   behind the defendant's conduct.  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.

26   1989); Rizzo 778 F.2d at 532.  The plaintiff must also plead facts which suggest an absence of

1  legitimate correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing

2  Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v.

3  Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are

4  insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act

5  itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical

6  retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of

7  the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n.1)

8  (10th Cir. 1990).

9      In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts

10  should defer "to prison officials in the evaluation of proffered legitimate penological reasons for

11  conduct alleged to be retaliatory."  Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472,

12  115 S. Ct. 2293 (1995)).

13      In the instant case, plaintiff does not deny the underlying conduct on which the

14  rules violation is based.  Rather, he argues that prison officials conspired to pursue the charges

15  based on his "mild" misconduct so that they would have an excuse to transfer him in retaliation

16  for the filing of this action.  Plaintiff suggests that his conduct did not warrant a transfer.

17      Other than vague and conclusory allegations, plaintiff's retaliation claim is

18  unsupported.  Plaintiff does not allege that any prison official involved in this conspiracy made

19  any comment to him regarding this action.  It is not reasonable to infer from plaintiff's allegation

20  that two prison officials were aware of his amended complaint that prison officials then

21  embarked on an elaborate conspiracy to have him transferred, especially when defendants have

22  not been served with process.  Because plaintiff has not demonstrated that the decision to charge

23  him with the rules violation report and then recommend his transfer was substantially motivated

24  by retaliation, the motion for injunctive relief should be denied.

25      Alternatively, plaintiff may also be arguing that he should not be transferred to

26  Folsom Prison because it is not equipped to handle his medical needs, as is CMF.  As indicated

4

1  above, in order to succeed on a claim for injunctive relief, plaintiff must demonstrate a likelihood

2  of success on the merits.  Because the pending motion concerns matters unrelated to those raised

3  in the complaint, the court finds that plaintiff has not demonstrated a likelihood of success on the

4  merits of this action.

5        For the reasons discussed above, plaintiff's motion for a preliminary injunction

6  should be denied.

7        Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for

8  injunctive relief filed February 7, 2007, be denied.

9        These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

11  days after being served with these findings and recommendations, plaintiff may file written

12  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

13  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

14  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

15  F.2d 1153 (9th Cir. 1991).

16  DATED: 3/5/07

                                    /s/ Gregory G. Hollows
17
                                    _____
18                                  GREGORY G. HOLLOWS
                                    UNITED STATES MAGISTRATE JUDGE
19  mon1276.pi

20

21

22

23

24

25

26