IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MONTUE,

       Plaintiff,                   No. CIV S-06-1276 MCE GGH P

   vs.

TERESA SCHWARTZ, et al.,

       Defendants.          ORDER

_____/

       On April 5, 2007, this court denied plaintiff's February 7, 2007, motion for a preliminary injunction. On May 14, 2007, plaintiff filed a request for reconsideration of this order. On September 10, 2007, plaintiff filed an amended motion for reconsideration. On October 1, 2007, plaintiff filed another amended motion for reconsideration. Accordingly, the court will consider the latest request for reconsideration filed October 1, 2007.

<u>Standards For Motions To Reconsider</u>

       Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what

1. other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

Plaintiff alleged in his motion for preliminary injunction that he was wrongfully found guilty of a rules violation by prison officials who were conspiring to transfer him away from the California Medical Facility in retaliation for the filing of this action. In the October 1, 2007, request for reconsideration, plaintiff submits further documentation in support of this claim. After reviewing plaintiff's pleading, the court still does not find that plaintiff had demonstrated a conspiracy by prison officials to find him guilty of a rules violation in order to facilitate a retaliatory transfer.

///
///
///
///
///

2

1 | Therefore, IT IS HEREBY ORDERED that plaintiff's October 1, 2007, amended motion
2 | for reconsideration is denied, and the court's order of April 5, 2007, is affirmed.

Dated: November 21, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE