IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MONTUE,

      Plaintiff,                        No. CIV S-06-1276 MCE GGH P

     vs.

THERESA SCHWARTZ, et al.,

      Defendants.                FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, the court recommends that this action be dismissed for plaintiff's failure to serve defendants pursuant to Fed. R. Civ. P. 4(m).

        Fed. R. Civ. P. 4(m) provides,

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

/////

1

Plaintiff paid the filing fee.[1] On December 15, 2006, the court found that the amended complaint filed November 22, 2006, stated a colorable claim for relief against the defendants. The court granted plaintiff sixty days to effect service of process. On February 8, 2007, the court granted plaintiff a forty-five day extension of time to serve defendants.

On March 22, 2007, plaintiff filed a status report stating that he served defendants by first class mail. On April 20, 2007, the court issued an order finding that plaintiff had not properly served defendants. The court informed plaintiff of the proper procedures to effect service. This order stated that Fed. R. Civ. P. 4(e) provides that service upon individuals within a judicial district from whom a waiver of service has not been obtained may be made by personal service or pursuant to the law of the state in which the district is located. The order went on to describe the procedures by which plaintiff could serve defendants by mail under California law. Plaintiff was granted thirty days to properly serve defendants.

On June 19, 2007, plaintiff filed a motion for an extension of time to serve defendants. Plaintiff stated that on April 24, 2007, he filed an administrative appeal requesting that the Litigation Coordinator pick up his amended complaints so that defendants could be personally served. Plaintiff claimed that on May 9, 2007, the Litigation Coordinator responded that it was plaintiff's responsibility to serve defendants.

Plaintiff claimed that on May 10, 2007, because he was only allowed law library access once per week while in administrative segregation, he gave the amended complaints to the Senior Librarian so that he could personally serve defendants. The Senior Librarian accepted the complaints but told plaintiff that he would not serve defendants. The Senior Librarian told plaintiff that he would ask the Litigation Coordinator to pick the complaints up. Plaintiff alleges that the Litigation Coordinator did not pick up the complaints and on June 7, 2007, attempted to return them to plaintiff. Because plaintiff refused to accept them, they remain in the prison law

---

[1] This court has previously found plaintiff to be barred by the three strikes provision of 28 U.S.C. § 1915(g). See CIV S-02-1573 FCD GGH P.

library.

On July 11, 2007, the court denied plaintiff's June 19, 2007, motion for extension of time to serve defendants. In this order, the court stated that it could extend the 120 service period upon a showing of good cause for failure to effect service in a timely manner. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). "[I[f there is no good cause, the court has discretion to dismiss without prejudice or to extend the time period." The Ninth Circuit has held that at a minimum, good cause means excusable neglect. Id.

In the July 11, 2007, order the court found that plaintiff had failed to show good cause for his request for extension of time:

> One of the grounds for the request are that prison officials have refused to personally serve defendants with the amended complaint. The refusal of prison officials to serve the amended complaint does not constitute good cause for plaintiff's failure to effect timely service. While plaintiff is a prisoner, there is no law mandating that prison officials act as plaintiff's process server, and there are other means to effect personal service.
>
> Plaintiff may also be arguing that inadequate law library access hindered his ability to serve defendants by mail. However, plaintiff does not describe how allegedly inadequate law library access prevented him from timely serving defendants by mail. Because the court provided plaintiff with explicit instructions regarding the procedures to follow, it does not appear that he required a significant amount of law library access to serve defendants by mail. Accordingly, the request for extension of time is denied and plaintiff is ordered to show cause why this action should not be dismissed for his failure to serve defendants within the time limits set forth in Rule 4(m).

July 11, 2007, order, p 3.

The court ordered plaintiff to show cause within twenty days why this action should not be dismissed for his failure to timely effect service pursuant to Fed. R. Civ. P. 4(m). On July 30, 2007, plaintiff filed a response to the show cause order. Plaintiff claims that on June 14, 2007, he properly served seven of the defendants by mail. Plaintiff claims that he served these defendants at the Office of the Attorney General.[2] However, approximately six months

---

[2] State law does not authorize the Attorney General to accept service of process on behalf of defendants sued in their individual capacities. See Jackson v. Hayakawa, 682 F.2d 1344,

3

have passed since that time and no defendants have appeared.  Moreover, and in any event, plaintiff confuses his contingent right to serve by mail with the question of whether he must utilize another form of service if the defendants do not effect the acknowledgment of service required for effective mail service.  <u>See</u> Cal. Code of Civ. Pro. 415.30 (d).  Simply serving the acknowledgment of service does not mean that a person must appear.

Plaintiff also suggests that he cannot serve the remaining defendants because he does not have the money to pay for the stamps to serve them by mail.  The court cannot allow the prosecution of this action to be indefinitely delayed because plaintiff cannot afford to pay postage.

Plaintiff also claims that he personally served defendant Perez.  Personal service cannot be performed by the plaintiff himself.  Fed. R. Civ. P. 4(c)(2).

Plaintiff has been given adequate information by the court regarding service procedures and adequate time to serve defendants.  Plaintiff has not shown good cause why this action should not be dismissed for his failure to serve defendants within the time limits set forth in Fed. R. Civ.P. 4(m).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

\\\\\

\\\\\

---

1347-48 (9th Cir. 1982).

1 | that failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED:   02/01/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

5 | mont1276.dis